DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Erica R. Aisner, Esq.

*Presentment Date: March 1, 2017*
*Presentment Time: 12:00 p.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SAMUEL JOSEPH GIOSEFFI,

                      Debtor.
-----------------------------------------------------------X

Chapter 13
Case No. 16-23249-rdd

## APPLICATION TO EMPLOY LAW OFFICES OF FRANK P. ALLEGRETTI, ESQ. AS REAL ESTATE COUNSEL TO THE DEBTOR FOR THE SALE OF REAL PROPERTY LOCATED AT 72 OAKLAND AVENUE, HARRISON, NEW YORK 10528

**TO: HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Samuel Joseph Gioseffi ("Debtor"), the debtor in the above-captioned chapter 13 case, as and for his application (the "Application") for the entry of an Order, pursuant to § 327(e) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor's retention and employment of the Law Offices of Frank P. Allegretti, Esq. (the "Firm") as his real estate counsel, respectfully represent and allege as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a) and 327(e) of the Bankruptcy Code.

1

## BACKGROUND

2. On September 14, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

3. The Debtor owns real property located at 72 Oakland Avenue, Harrison, New York 10528 which is his primary residence (the "Property").

4. The Debtor has equity in the Property and intends to sell it and use the proceeds to fund his Chapter 13 plan.

5. On October 13, 2016, the Debtor filed an Application [ECF Docket No. 16] seeking authority to retain Houlihan Lawrence as real estate broker for the Debtor. Pursuant to an Order of the Bankruptcy Court [ECF Docket No. 20] entered on November 22, 2016, the Application to retain Houlihan Lawrence was approved.

6. As a result of the broker's marketing efforts, an offer has been accepted for the sale of the Property. However, during the purchaser's inspection of the Property, certain issues have been raised about underground storage tanks and the possibility of environmental issues.

## RELIEF SOUGHT

7. The Debtor requires counsel to represent him in connection with the sale of the Property and resolution of issues which have surfaced in connection with the buyers' due diligence.

8. Given that the Debtor is in Chapter 13 and has extremely limited funds, legal counsel is even more critical to help ensure that the most economical resolution is achieved and that such resolution is quickly reached so that the accepted offer can move forward towards contract and then closing.

9. The firm was consulted by the Debtor prior to the filing of this Chapter 13 case and provided counsel regarding the Property.

10. The Debtor submits that the Firm possesses extensive knowledge and expertise in the areas of real estate law and is well qualified to represent the Debtor in that regard.

11. As specifically set forth in the annexed affidavit of Frank P. Allegretti, Esq. (the "Affidavit"), the Firm is not otherwise connected with the Debtor, his creditors, other parties-in-interest or the Office of the United States Trustee. Further, as set forth in the Affidavit, the Firm does not, by way of any direct or indirect relationship, hold or represent any interest materially adverse to the Debtor, or his estate, with respect to the matters upon which it is to be engaged. Accordingly, the Debtor believes that the Firm is a "disinterested person" within the meaning of §§ 101(14) and 327(e) of the Bankruptcy Code. The Affidavit is attached hereto as **Exhibit "A"**

12. Subject to the approval of this Court, the professional services that the Firm will render to the Debtor include resolution of any potential environmental issues, negotiation of terms of sale of the Property including but not limited to contract negotiation and ultimately the closing of the sale of the Property.

13. Subject to Court approval, compensation will be paid to the Firm for services rendered will be $325.00 per hour, which will be payable at closing upon presentment of an invoice.

14. The Firm is a pre-petition creditor of the Debtor in the amount of $2,242.50, but did not receive any compensation during the ninety day period leading up to the Petition Date.

15. The Firm will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Orders of this Court.

16. No previous application for the relief sought herein has been made by the Debtor to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests the entry of the order, attached hereto as **Exhibit "B"**, authorizing it to employ and retain the Firm as Real Estate Counsel in this chapter 13 case, and granting the Application together with such other and further relief as is just and proper.

Dated: White Plains, New York
February 15, 2017

By: */s/ Samuel Joseph Gioseffi*_____
Samuel Joseph Gioseffi, Chapter 13 Debtor