Exhibit "A"

DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
*Attorneys for the Debtor*  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Erica R. Aisner, Esq.

*Presentment Date: March 1, 2017*  
*Presentment Time: 12:00 p.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------X  
In re:

SAMUEL JOSEPH GIOSEFFI,

                Debtor.  
------------------------------------------------------X

Chapter 13  
Case No. 16-23249-rdd

**AFFIDAVIT OF FRANK P. ALLEGRETTI, ESQ. IN SUPORT**  
**OF APPLICATION FOR ORDER AUTHORIZING**  
**EMPLOYMENT AS REAL ESTATE COUNSEL**

STATE OF NEW YORK    )  
                                 ) ss:  
COUNTY OF WESTCHESTER  )

Frank P. Allegretti, Esq., an attorney duly admitted to practice law in the Courts of the State of New York, states the following to be true under the penalties of perjury:

1. Law Offices of Frank P. Allegretti, Esq. (the "Firm") maintains an office at an office located at 7 Purdy Street, Suite 202, Harrison, New York 10528. I submit this affidavit in support of the application ("Application") of Samuel Joseph Gioseffi, the debtor in the above captioned proceeding (the "Debtor") pursuant to §§ 327(e) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the retention of The Law Offices of Frank P. Allegretti, Esq. as Real Estate Counsel to the Debtor. Unless otherwise stated, I am fully familiar with the facts set forth in this affidavit.

2. I have been admitted to practice laws in Courts of the State of New York since 1992 and in the Federal District Court for the Southern District of New York since 1992. I have been a sole practitioner since being admitted to the New York bar and my practice is primarily focused on residential real estate transactions and real estate litigation. I have successfully closed over a thousand residential real estate transactions over the years representing sellers, purchasers, and lenders as well.

3. The Debtor has requested, and the Firm has agreed, to represent and advise the Debtor pursuant to §§ 327(e) and 328 of the Bankruptcy Code as special real estate counsel. My services would be most beneficial to the Debtor, his creditors, and the estate.

4. Subject to the approval of this Court, the professional services that the Firm will render to the Debtor include representing the Debtor in connection with his efforts to sell his real property, the proceeds from which will be used to fund the Debtor's Chapter 13 plan. I have been representing the Debtor since September 2016 in connection with the Debtor's sale of his home, a one family residential dwelling, as a mortgage foreclosure sale was eminent. After reviewing the plethora of filed judgments and liens filed against the Debtor's home, I advised the Debtor that based on the market value of the property, the sale proceeds would be sufficient to satisfy all the creditors of the Debtor, including the foreclosing mortgage, and still leave the Debtor with some funds at the end of the sale transaction. On behalf of the Debtor, I made the request to the mortgagee to hold the foreclosure sale in abeyance for several months, which request was denied, necessitating the Chapter 13 filing herein.

5. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Orders of this Court. The retainer agreement between the Debtor

and my office is attached hereto. On real estate transactions of this nature I charge an hourly rate fee. My standard fee for real estate transactions is $325.00 per hour.

6. This transaction is complicated by the fact that there is an old underground oil tank at the Debtor's property which may be leaking. One prospective purchaser has already declined to move forward due to an oil tan test performed on their behalf that was not acceptable to them.

7. Neither I, nor any members or employees of the Firm have any connection with the Debtor. Neither I, nor any employees of the Firm have any connection with the U.S. Trustee for Region 2, nor any employees of the office of the U.S. Trustee, Region 2.

8. The Firm does not represent or hold any interests adverse to the Debtor or his estate with respect to the matters on which the Firm seeks to be employed pursuant to § 327(e) of the Bankruptcy Code which would preclude the Firm from acting as Real Estate Counsel. Although reasonable efforts have been made to uncover and disclose any connections the Firm may have with any of the Debtor's creditors and litigation parties, the Firm will continue to monitor for connections and, if discovered, will make further disclosures to the Court.

9. The Firm is owed $2,242.50 on account of legal services rendered prior to the Petition Date. During the 90 days preceding the filing of the Chapter 13 case, the Firm received $0, none of which was on account of an antecedent debt.

10. The Firm will be paid for the legal services rendered upon application duly filed with this Court pursuant Bankruptcy Code §§ 330 and 331. The Firm has not agreed to share any of its fees with any third party.

11. I know of no reason why the Firm cannot act as Special Real Estate Counsel to the Debtor, and respectfully request that I be appointed as Real Estate Counsel on the terms described herein.

                                         /s/ *Frank P. Allegretti*
                                         Frank P. Allegretti, Esq.

Sworn to before me this
8th day of February, 2017

/s/ *James F. Carnavalla*
James Carnavalla
Notary Public ~ State of New York
No. 01CA6022369
Qualified in Westchester County
My Commission Expires March 29, 2019

**FRANK P. ALLEGRETTI**
ATTORNEY AT LAW
7 Purdy Street, Suite 202
Harrison, New York 10528
Email – fp.allegretti@verizon.net

*Telephone No. (914) 921-5644*     *Telecopier No. (800) 531-2649*

January 18, 2017

Samuel Gioseffi
72 Oakland Avenue
Harrison, NY 10528

Re: <u>Sale of 72 Oakland Avenue, Harrison, NY</u>

Dear Mr. Gioseffi:

This letter shall confirm that you have retained this office to represent you in connection with the above matter. This agreement is for legal services by and between Frank P. Allegretti, 7 Purdy Street, Harrison, New York 10528 and Samuel Gioseffi, 72 Oakland Avenue, Harrison, NY 10528. This agreement constitutes a binding legal contract and should be reviewed carefully.

The client hereby authorizes this office to take any steps which, in the sole discretion of this office, are deemed necessary or appropriate to protect the client's interest in this matter. I will waive the payment of an initial retainer fee. The client recognizes that this office has been representing client and providing legal services to client since September 7, 2016.

The amount of my eventual fee will be upon my regular schedule of established hourly time charges, along with any out-of-pocket disbursements (such as court costs, messenger services, long distance telephone calls, facsimiles and excess postage, photocopies, travel and parking) which are incurred on your behalf.

Hours expended on this matter will be charged at the hourly rate of $325.00 per hour, which will be payable at closing upon presentment of an invoice.

The client further understands that the hourly rates apply to all time expended relative to the client's matter, including but not limited to, office meetings and conferences, emails, telephone calls and conferences, either placed by or placed to the client, or otherwise made or had on the client's behalf or related to the client's matter, preparation, review and revision of correspondence or papers relative to the client's matter, travel time, and any other time expended on behalf of or in connection with the client's matter.

Samuel Gioseffi
January 18, 2017
- Page Two -

In addition to the foregoing, you shall be responsible for the direct payment or reimbursement to this office for disbursements advanced on your behalf, the same to include, but not necessarily limited to, court filing fees, copying costs, messenger services, etc.

You will be billed in units of six (6) minute increments. If a telephone call that pertains to your matter actually lasts less than six (6) minutes, you will be billed six (6) minutes for the telephone call. Including in this billing will be a detailed explanation of the services rendered, and the disbursements incurred by this office in connection with your matter. Upon receipt of my bill, you are expected to review the bill and promptly bring to my attention any objections you may have to the bill. While I strive to keep perfectly accurate time records, I recognize the possibility of errors, and I will discuss with you any objections you raise to my bill. You will not be charged for time expended in discussing with me any aspect of the bill rendered to you.

By executing a copy of this agreement, you hereby acknowledge that you have read this agreement in its entirety, have had a full opportunity to consider its terms and satisfactory explanation of same, and fully understand its terms and agree to such terms. You fully understand and acknowledge that there are no additional or different terms or agreements other than those expressly set forth in this written agreement.

In the event that a dispute arises between us regarding my fees, you may seek to arbitrate the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.

You acknowledge that I have made no guarantee in the disposition of any phase of the matter for which you have retained this office. If this fee arrangement meets with your approval, kindly sign your name where indicated below. I look forward to being of service to you in connection with this matter.

Very truly yours,

Frank P. Allegretti

I have read the above letter,
have received a copy, I understand
and accept all of its terms:

_____
Samuel Gioseffi