UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
In re:                                                                    Chapter 13
                                                                          Case No. 16-23249-rdd
SAMUEL JOSEPH GIOSEFFI, JR.,

                            Debtor
------------------------------------------------------------------------X

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE (I) AUTHORIZING CONTRACT SALE OF THE DEBTOR'S INTEREST IN 72 OAKLAND AVENUE, HARRISON, NEW YORK 10528, (II) AUTHORIZING THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED THEREIN, (III) AUTHORIZING PAYMENT OF BROKER COMMISSION TO HOULIHAN LAWRENCE, AND (IV)
<u>GRANTING RELATED RELIEF</u>**

Upon the motion, dated April 19, 2017 (the "<u>Motion</u>"), of the debtor herein (the "<u>Debtor</u>"), seeking entry of an order pursuant to sections 363(b) and (f) and 330(a)(4) of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "<u>Bankruptcy Code</u>"): (i) authorizing and approving the sale of the Debtor's interest in 72 Oakland Avenue, Harrison, New York 10528 (the "<u>Property</u>") pursuant to the sale contract attached as an exhibit to the Motion (the "<u>Contract</u>"), (ii) authorizing the consummation of the transactions contemplated by the Contract, (iii) authorizing the payment of the broker commission to Houlihan Lawrence under its Exclusive Right to Sell Agreement with the Debtor upon the closing of the proposed sale, and (iv) granting related relief; and there being due and sufficient notice of the Motion; and there being no opposition to the requested relief; and upon the record of the hearing held by the Court on the Motion on May 10, 2017; and it appearing that the sale is a prudent exercise of business judgment, fair and reasonable and in the best interests of the Debtor and his estate; and it further appearing that the broker commission authorized herein is reasonable and necessary under

1

section 330(a)(4) of the Bankruptcy Code; and it appearing that the sale proceeds are sufficient to pay, and shall be paid, first to satisfy all reasonable closing costs and fees and the broker commission allowed herein and then to satisfy all valid liens against the Property, with the remaining sale proceeds to be retained by the Debtor subject to his obligations under his chapter 13 plan; and good and sufficient cause appearing; now, therefore, it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED**, that the Debtor is authorized to consummate the sale of the Property pursuant to the Contract pursuant to section 363(b) of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor is authorized and directed to remit, from the proceeds of the Contract, payment of the broker commission to Houlihan Lawrence under its Exclusive Right to Sell Agreement in an amount equal to six percent (4%) of the purchase price, computed at $24,800.00, which amount is allowed under section 330(a)(4) of the Bankruptcy Code, such payment to be made upon the closing of the Contract; and it is further

**ORDERED**, that the Debtor is authorized and directed to pay, from the proceeds of the Contract, upon such closing, all reasonable, ordinary closing costs and fees, and all non-disputed amounts secured by valid liens on the Property, with an amount equal to any disputed amounts related to the foregoing, if any, to be held by the Debtor's counsel in escrow subject to resolution thereof by agreement of the parties or further order of the Court. Such payments, including any amounts held in escrow as provided herein, shall constitute full payment of all claims secured by valid liens on the Debtor's interest in the Property, including for purposes of title insurance; and it is further

**ORDERED,** that the Debtor shall be permitted to retain his statutory homestead exemption pursuant to NY CPLR §5206 in the amount of up to $165,000 from available

proceeds of sale after payment of ordinary closing costs, fees, broker commission and mortgage liens as provided in the preceding paragraphs; and it is further

**ORDERED,** all remaining sale proceeds shall be deposited into Debtor's counsel's escrow account pending a determination, in consultation with the Chapter 13 trustee, as to the amount necessary to fund the Debtor's Chapter 13 plan (the "Plan", at which time, such amount shall be paid over to the Chapter 13 trustee pursuant to the Plan; and it is further

**ORDERED,** that upon confirmation of the Plan, any remaining proceeds of sale on deposit with Debtor's counsel pursuant to the preceding paragraph shall be turned over to the Debtor; and it is further

**ORDERED**, that any stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for cause, and this Order is effective immediately upon its entry.

Dated: White Plains, New York
       May 16, 2017

                                      /s/ Robert D. Drain
                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE